**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JACQUE SPEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5992** |
| **WARDEN OF TENSAS** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Factual Background

The petitioner, Jacque Spears ("Spears"), is a convicted inmate incarcerated in the Tensas Parish Detention Center in Waterproof, Louisiana.[2] On November 22, 2010, Spears was charged by Bill of Information in Tangipahoa Parish with one count of aggravated burglary while armed with a handgun.[3] Spears entered a plea of not guilty to the charge on December 15, 2010.[4]

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 11/22/10.

[4]St. Rec. Vol. 1 of 1, Hearing Transcript, p. 11, 12/15/10.

According to the record, at approximately 2:30 a.m. on October 8, 2010, Angelus Lewis was sitting in his living room when he saw two men standing on his front porch.[5] Lewis opened his front door, and the two men forced their way into his home. Lewis recognized one of the men as "Jacque." Both men were armed and told Lewis to get down on the floor. The two men searched through Lewis's pockets and the residence. They eventually left with Lewis's cell phone and car.

On September 26, 2011, Spears withdrew his former plea and entered a plea of nolo contendere pursuant to an agreement reached with the State.[6] The Trial Court sentenced Spears to serve twelve (12) years in prison at hard labor, to run concurrently with his other sentences.[7]

Spears conviction became final thirty (30) days later, on October 26, 2011, because he did not seek reconsideration of the sentence or seek leave to appeal. La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

---

[5]The facts were taken from the testimony at the preliminary hearing held December 15, 2010. St. Rec. Vol. 1 of 1, Hearing Transcript, 12/15/10.

[6]St. Rec. Vol. 1 of 1, Minute Entry, 9/26/11; Plea Transcript, 9/26/11.

[7]St. Rec. Vol. 1 of 1, Plea Transcript, 9/26/11. Spears was on probation in Tangipahoa Case No. 900997 at the time of the aggravated burglary, and the probation was revoked and he was committed to serve the balance of his sentence. He also had other outstanding traffic offenses for which his sentences would run concurrent. *Id*., pp. 7-8.

[8]Under Louisiana law, a plea of nolo contendere, or no contest, has the same legal effect in a criminal proceeding as a plea of guilty. *State v. Peters*, 546 So.2d 829 (La. App. 1st Cir. 1989), *cert. denied*, 552 So.2d 378 (La. 1989). Similarly, under federal law, the law relating to guilty pleas applies to pleas of nolo contendere. *Matthew v. Johnson*, 201 F.3d 353, 360 n.9 (5th Cir. 2000) (citing *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990)). Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

Over nineteen (19) months later, on June 4, 2013, Spears submitted a motion to the Trial Court seeking to enforce a plea agreement he believed he negotiated with the State for a sentence of ten (10) years rather than the twelve (12) years he received.[9] The Trial Court denied the motion on June 11, 2013, noting that the offer of a ten (10) year sentence was withdrawn by the State when Spears refused the deal on July 19, 2011.[10] Spears did not seek review of this ruling.

One month later, on July 11, 2013, Spears submitted an application for post-conviction relief and memorandum in support arguing that he received ineffective assistance of counsel where his original attorney failed to adequately challenge the evidence and have the charges dismissed and that he was factually innocent of the crime charged.[11] The Trial Court denied the application finding that Spears was represented by a different attorney after the preliminary matters at issue and that he entered a plea of guilty rendering his claims to be without merit.[12]

As referenced by the State, Spears submitted a writ application to the Louisiana First Circuit on August 12, 2013, which was denied without reasons on November 21, 2013.[13] Spears did not seek review of that order in the Louisiana Supreme Court.[14]

---

[9]St. Rec. Vol. 1 of 1, Motion to Enforce Plea Agreement, 6/10/13 (dated 6/4/13).

[10]St. Rec. Vol. 1 of 1, Trial Court Order, 6/11/13; *see also*, Minute Entry, 7/19/11.

[11]St. Rec. Vol. 1 of 1, Memorandum in Support, 7/22/13 (dated 7/11/13).

[12]St. Rec. Vol. 1 of 1, Trial Court Order, 7/25/13.

[13]*See* Rec. Doc. No. 10, 1st Cir. Order, 2013 KW 1380, 11/21/13; St. Rec. Vol. 1 of 1, 1st Cir. Notice of Writ, 8/12/13.

[14]On May 30, 2014, a member of the undersigned Magistrate Judge's staff learned from the clerk office at the Louisiana Supreme Court that there have been no pleadings filed in that court by Jacques Spears and no writ applications filed in that court in relation to Tangipahoa Case No. 1004101 or Louisiana First Cir. Writ No. 2013 KW 1380.

## II. Federal Habeas Petition

On September 19, 2013, the clerk of the United States District Court for the Middle District of Louisiana filed Spears's petition for federal habeas corpus relief in which he raised the following grounds for relief:[15] (1) the State withheld information related to the identification process in violation of *Brady*; (2) he was denied the right to confront his accuser's when the State failed to advise the defense of the withheld identification information; (3) he received ineffective assistance of counsel at the preliminary hearing and inadequately presented the alibi defense; (4) the evidence was insufficient to support the verdict because he is factually innocent. The petition was eventually transferred to this Court.[16]

The State filed a response in opposition to Spears's petition arguing that his petition was not timely filed and his claims were not exhausted in state court.[17] Spears's replied to the State's opposition arguing that any procedural bar to review of his claims should be excused because of the State's withholding of *Brady* material.

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[18] applies to this petition, which is deemed filed in this court under the federal

---

[15]Rec. Doc. No. 1.

[16]Rec. Doc. Nos. 3, 4.

[17]Rec. Doc. No. 8.

[18]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505, n.11 (5th Cir. 1992).

mailbox rule on September 13, 2013.[19] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State contends that Spears's petition was not timely filed and his claims were not exhausted. Although the record supports both the exhaustion and limitations defenses. Spears offers reasons for his failure to fully exhaust state court review, none of which change the fact that his petition is not exhausted nor was it timely filed. The untimely filing is dispositive of the petition for the following reasons.

## IV. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[20] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above,

---

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Middle District filed Spears's federal habeas petition on September 19, 2013, when the filing fee was received. Spears dated his signature on the petition on September 13, 2013. This is the earliest date appearing in the record on which he could have delivered it to prison officials for mailing to a federal court. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if filing fee was not paid at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[20]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Spears's conviction was final on October 26, 2011, thirty days after he entered his no contest plea. Under § 2244, Spears had one year, or until October 25, 2012, to file a timely federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Spears's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

**A. Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is

---

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on October 27, 2011, the day after Spears's conviction became final. The one-year filing period ran uninterrupted for 365 days, until October 25, 2012, when it expired. Spears had no other properly filed state application for post-conviction or other collateral review pending during that time. Spears did not submit his first post-conviction motion to enforce the plea agreement until June 4, 2013, which was over seven (7) months after the AEDPA filing period expired. A filing made after the AEDPA filing period has expired does not afford him any tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Spears's federal petition submitted for filing on September 13, 2013, was not timely under the AEDPA.

**B. <u>No Basis for Equitable Tolling</u>**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses

and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Spears has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation. Spears argues that any procedural bar to his petition should be excused, including exhaustion, because of the State's withholding of identification information. The Court first recognizes that the state courts did not procedurally bar any of his claims. The last reasoned opinion on two of his unexhausted claims (the others never having been raised) was that of the Trial Court which was a denial of the merits of his claims. There is no state imposed procedural bar to overcome. Also, contrary to his suggestion, this is not a prohibited second or successive petition that would warrant scrutiny for cause to file it.

Furthermore, under a broad reading, Spears suggests that the State withheld information from his counsel regarding how the victim was able to identify his last name and he was unable to question the person who provided the information to the victim. He also suggests that the inconsistencies in the testimony of the officers and the victim were withheld from him. The record defies any such suggestion. Even a cursory reading of the preliminary hearing transcript makes clear that all of this information was disclosed to Spears at or before the preliminary hearing and in no way prevented him from timely filing for federal habeas review. He has not shown any action or inaction by the State that caused or would excuse his untimely filing.

In fact, the record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above. Had Spears diligently pursued his state court remedies in

a timely manner, he could have better preserved the federal filing period. The record instead reflects that he engaged in piecemeal presentation of his issues and incomplete pursuit of relief in the state courts. There is no basis for equitable tolling in this record.

Spears's federal petition is deemed filed in this Court on September 13, 2013, which was almost eleven months after the AEDPA filing period expired on October 25, 2012. Spears's petition should be dismissed as time-barred.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jacque Spears's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[21]

New Orleans, Louisiana, this 13th day of June, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[21] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.